UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATION ENTERPRISES, INC.
d/b/a TREE TOWN TOYS          CIVIL ACTION NO. 07-CV-14294
AND BRAIN STATION,
   Plaintiff,          DISTRICT JUDGE GEORGE CARAM STEEH

 VS.                        MAGISTRATE JUDGE MONA K. MAJZOUB

GANZ, INC., et al.

   Defendant.
           /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS GANZ, INC. AND GANZ U.S.A., LLC'S MOTION TO COMPEL PLAINTIFF'S ANSWERS TO DEFENDANTS' DISCOVERY REQUESTS (DOCKET NO. 13) AND ORDERING PLAINTIFF'S OWNERS, HANS AND PATRICIA MASING TO APPEAR FOR DEPOSITIONS ON SEPTEMBER 30, 2008 CONTINUING TO OCTOBER 1, 2008 (DOCKET NO. 17)**

This matter comes before the Court on two motions. The first is Defendants' Motion to Compel Plaintiff's Answers to Defendants' Discovery Requests filed on July 22, 2008. (Docket no. 13). Plaintiff filed a Response brief on August 15, 2008. (Docket no. 18). The second motion is Defendants' Motion to Dismiss for Failure of the Plaintiff's Owners to Appear for Their Depositions and Plaintiff's Failure to Answer Defendants' Discovery Requests filed on August 13, 2008. (Docket no. 17). Plaintiff filed a Response in Opposition on August 21, 2008. (Docket no. 20). The parties filed their own Statements of Unresolved Issues on September 15, 2008[1]. (Docket nos. 21, 22). All pretrial proceedings were referred to the undersigned for decision pursuant to 28 U.S.C.

---

[1] The parties stated in their Statements of Unresolved Issues that they were unable to file a Joint Statement of Unresolved Issues because they were unable to agree on the content of a joint statement.

§ 636(b)(1)(A). (Docket no. 14). The parties' counsel appeared for hearing on these matters on September 22, 2008. The matter is now ready for ruling.

## I.     Defendants' Motion to Compel (Docket No. 13)

Defendants served their First Set of Interrogatories and Requests for Production of Documents on Plaintiff on May 27, 2008[2]. (Docket no. 13-3). Plaintiff's answers were due by June 26, 2008. Fed. R. Civ. P. 33, 34. On June 30, 2008 Defendants contacted Plaintiff via letter regarding the tardy responses. (Docket no. 13-4). Defendants filed their Motion to Compel on July 22, 2008. (Docket no. 13). Plaintiff served answers and responses to Defendants' discovery on August 15, 2008. (Docket no. 18). At the time of the hearing the only remaining issues were the sufficiency of Plaintiff's answers to Interrogatory Nos. 8, 13 and 14[3].

Interrogatory Nos. 8 and 13 are each divided into lettered subparts requesting specific information. Interrogatory No. 8 asks about the contracts that Plaintiff alleges were breached by Defendants. Plaintiff argues that its answer, provided in narrative form, is complete and responsive to the subparts in Interrogatory No. 8. Interrogatory No. 13 asks about financial losses which Plaintiff alleges in its Complaint. Plaintiff's answer directs Defendants to "[s]ee attached Exhibit A.[4]" Exhibit A includes data compiled in response to Interrogatory No. 13 and other documents. Defendants argue that the data is unintelligible. Interrogatory No. 14 asks about the total monetary

---

[2] Defendants did not include a copy of their discovery requests with their Motion to Compel as required by E.D. Mich. LR 37.2. Plaintiff included a copy of the discovery requests and answers without attachments with its Response Brief. (Docket no. 18-3).

[3] The Court notes that Defendants raised the substance of the unresolved Interrogatories in their Statement of Unresolved Issues without identifying the unresolved Interrogatories by number. (Docket no. 22). Defendants' pleading practice in this matter has been less than helpful for the Court.

[4] Neither party provided Exhibit A to the Court prior to the hearing.

relief Plaintiff seeks, including itemized statements and the method for calculating monetary relief and damages.  Plaintiff's answer to Interrogatory No. 14 refers to Exhibit A provided in answer to Interrogatory No. 13.  Plaintiff later served a supplementary response which included additional documents.

Rule 33(b)(3), Fed. R. Civ. P., provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  The Court will order Plaintiff to answer Interrogatory Nos. 8, 13 and 14, including all subparts separately and fully.  To the extent that Plaintiff is providing answers pursuant to Rule 33(d) by compiling or summarizing business records, Plaintiff must specify the records in "sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could" and "giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries."  Fed. R. Civ. P. 33(d)(1) and (2).  Plaintiff must identify the subpart of each interrogatory to which the records or documents respond.  Fed. R. Civ. P. 33(b)(3), 33(d).

## II. Defendants' Motion to Dismiss (Docket no. 17)

On June 30, 2008 Defendants noticed the depositions of the person or persons with knowledge of Plaintiff's claim and damages pursuant to Fed. R. Civ. P. 30(b) and 34.  The depositions were scheduled for Monday, July 14, 2008 and continuing through Tuesday, July 15, 2008. (Docket no. 17-3).  On July 10, 2008 Plaintiff's counsel notified Defendants' counsel that the appropriate deponents were the owners, Hans Masing and Patricia Masing and that the depositions would have to be rescheduled.  (Docket no. 17).  On July 22, 2008 Defendants noticed the depositions duces tecum of Hans Masing and Patricia Masing for August 12, 2008 continuing through August 13, 2008 if necessary.  (Docket no. 17-4).  Defendants' counsel alleges on August

11, 2008 he was advised by Plaintiff's counsel's office that the depositions had to be rescheduled due to a conflict. (Docket no. 17). Defendants filed their Motion to Dismiss for Failure of the Plaintiff's Owners to Appear for Their Depositions and Plaintiff's Failure to Answer Defendants' Discovery Requests on August 13, 2008. (Docket no. 17). A Motion to Dismiss is a dispositive motion on which the undersigned will make a Report and Recommendation to the District Judge recommending that Defendants' Motion to Dismiss be denied. 28 U.S.C. § 636(b)(1)(B). The issue of the depositions, however, was briefed in Defendants' Motion to Dismiss and was addressed at the hearing. At the time of the hearing the parties had agreed that the Masing depositions would go forward on September 23, 2008. At the hearing, the parties agreed to adjourn the Masings' depositions until after Plaintiff serves its amended answers to Interrogatory Nos. 8, 13 and 14. The parties agree, and the Court will order that Hans Masing and Patricia Masing will appear for deposition on September 30, 2008 continuing to October 1, 2008 if necessary, as set forth in detail below. The Court will decline to award any sanctions and expenses at this time.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Plaintiff's Answers to Defendants' Discovery Requests (docket no. 13) is **GRANTED** in part and Plaintiff must serve amended answers to Interrogatory Nos. 8, 13 and 14 by 5 p.m. on Friday, September 26, 2008. Plaintiff will answer Interrogatory Nos. 8, 13 and 14 each separately and fully, including all subparts, in compliance with Fed. R. Civ. P. 33(b)(3). The remainder of Defendants' Motion to Compel (docket no. 13) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's owners, Hans Masing and Patricia Masing, will appear for deposition at 9:30 a.m. on September 30, 2008 continuing to October 1, 2008, at the office of Plaintiff's counsel in Southfield, Michigan. The deposition of Hans Masing will be taken

first and is not to exceed seven hours.  The deposition of Patricia Masing will begin following the conclusion of Hans Masing's deposition and will continue to October 1, 2008 as necessary, not to exceed seven hours total.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 23, 2008            s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: September 23, 2008             s/ Lisa C. Bartlett
                                      Courtroom Deputy