UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATION ENTERPRISES, INC.
d/b/a TREE TOWN TOYS         CIVIL ACTION NO. 07-CV-14294
AND BRAIN STATION,

      Plaintiff,             DISTRICT JUDGE GEORGE CARAM STEEH

 VS.                      MAGISTRATE JUDGE MONA K. MAJZOUB

GANZ, INC., et al.

      Defendants.

_____/

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:** Defendants Ganz Inc. and Ganz U.S.A., LLC's Motion to Dismiss for Failure of the Plaintiff's Owners to Appear for Their Depositions and Plaintiff's Failure to Answer Defendants' Discovery Requests filed on August 13, 2008 (docket no. 17) should be DENIED.

**II.** **REPORT:**

*A. Facts and Procedural History*

Plaintiff owns a toy retail store and sells toys online. Defendants market and distribute toys, including Webkinz®, in the U.S.A. and worldwide. (Docket no. 1). Plaintiff brought claims including breach of contract, breach of warranty, misrepresentation and violation of the Sherman Act alleging that Plaintiff placed multiple orders for Webkinz® which the Defendants have not fulfilled. (Docket no. 1).

Defendants filed a Motion to Dismiss for Failure of the Plaintiff's Owners to Appear for Their Depositions and Plaintiff's Failure to Answer Defendants' Discovery Requests on August 13, 2008. (Docket no. 17). Plaintiff filed a Response in Opposition on August 21, 2008. (Docket no. 20). The parties filed their own Statements of Unresolved Issues on September 15, 2008[1]. (Docket nos. 21, 22). All pretrial proceedings have been referred to the undersigned. (Docket no. 14). The parties' counsel appeared for hearing on this and other matters on September 22, 2008. The matter is now ready for ruling.

On June 30, 2008 Defendants noticed the depositions of the person or persons with knowledge of Plaintiff's claim and damages pursuant to Fed. R. Civ. P. 30(b) and 34. The depositions were scheduled for Monday, July 14, 2008 and continuing through Tuesday, July 15, 2008. (Docket no. 17-3). On July 10, 2008 Plaintiff's counsel notified Defendants' counsel that the appropriate deponents were the owners, Hans Masing and Patricia Masing and that the depositions would have to be rescheduled. (Docket no. 17). On July 22, 2008 Defendants noticed the depositions of Hans Masing and Patricia Masing for August 12, 2008 continuing through August 13, 2008 if necessary. (Docket no. 17-4). Defendants' counsel alleges on August 11, 2008 he was advised by Plaintiff's counsel's office that the depositions had to be rescheduled due to a conflict. (Docket no. 17). Defendants filed their Motion to Dismiss for Failure of the Plaintiff's Owners to Appear for Their Depositions and Plaintiff's Failure to Answer Defendants' Discovery Requests on August 13, 2008. (Docket no. 17).

---

[1] The parties stated in their Statements of Unresolved Issues that they were unable to file a Joint Statement of Unresolved Issues because they were unable to agree on the content of a joint statement.

*B. Standard of Review*

Defendants move to dismiss this case pursuant to Rules 37(b)(2)(A)(v) and 37(d)(1)and (3), Fed. R. Civ. P., because Plaintiff's owners failed to appear for depositions noticed by Defendants and Plaintiff failed to timely respond to Defendants' discovery requests.

*C. Analysis*

The issue of Plaintiff's untimely responses to Defendants' First Set of Interrogatories and Requests for Production of Documents was resolved at the September 22, 2008 hearing and by the Court's September 23, 2008 Order. (Docket no. 23). Further, Defendants have not shown that Plaintiff's have failed to obey a discovery order necessitating dismissal of this action. Fed. R. Civ. P. 37(b)(2)(A).

With respect to the issue of Hans Masing's and Patricia Masing's depositions, the parties have resolved the substance of this issue. Prior to the September 22, 2008 hearing the parties had agreed that the Masings' depositions would go forward on September 23, 2008. At the hearing, the parties agreed to adjourn the Masings' depositions until after Plaintiff serves its amended answers to Interrogatory Nos. 8, 13 and 14 pursuant to the Court's order. (Docket no. 23). The parties agreed, and the Court ordered that Hans Masing and Patricia Masing will appear for deposition on September 30, 2008 continuing to October 1, 2008 as set forth in the September 23, 2008 order. (Docket no. 23).

The Court should deny Defendants' Motion to Dismiss, not for the reasons argued by counsel, but for the reasons set forth above and because "[d]ismissal under Fed. R. Civ. P. 37 is a drastic penalty which should be imposed only in extreme circumstances." *Israel Aircraft Industries, Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir. 1977). The parties have resolved the issue

3

of the depositions and Defendants have not shown circumstances that would justify imposing the harsh sanction of dismissal. The Court should also decline to award attorneys fees and costs in this matter. **III. NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 24, 2008                    s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

4

## **PROOF OF SERVICE**

  I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: September 24, 2008         s/ Lisa C. Bartlett
                  Courtroom Deputy