**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| STATION ENTERPRISES, INC., d/b/a TREE TOWN TOYS AND BRAIN STATION<br><br>　　　　Plaintiffs<br><br>v.<br><br>GANZ, INC., et al.,<br><br>　　　　Defendants | CASE NO. 07-CV-14294<br><br>JUDGE GEORGE CARAM STEEH<br>MAGISTRATE JUDGE MONA K. MAJZOUB<br><br><br>**STIPULATED PROTECTIVE ORDER** |

The undersigned parties, by and through counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree to the following Stipulated Protective Order and respectfully request that the Court approve the Stipulated Protective Order:

**WHEREAS,** the parties anticipate that discovery in this action will require Plaintiff and Defendants to produce certain documents and other information containing confidential and proprietary business and commercial information; and

**WHEREAS,** the parties, for good cause, have agreed that they are entitled to an Order to protect such confidential information.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, that:

1.　　This Stipulated Protective Order governs the use of information and documents produced through discovery in the above-referenced action.

2.　　The parties agree that they shall use confidential documents and information, as described below, only for the purposes of preparing for and conducting litigation proceedings in this action, and only in the manner prescribed herein.

3.　　"Confidential documents and information" shall include any document, portion of a document, or information that is confidential to the extent that it contains, among other things, trade secret or other confidential and/or proprietary technical, research, development or

1

commercial information, including, but not limited to, information about proprietary software, business methods or processes, pricing data, sales data of any kind, financial data, advertising and marketing data, customer lists or other customer information, employee lists or other employee information, business and marketing plans, and/or competitive analyses, business strategies, decisions and/or negotiations, confidential and proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have had business relationships and any other information, the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the parties and any of their affiliated companies. Any such document which the producing party designates in writing or by stamp as "Confidential – Subject to Protective Order" shall be treated as such by all parties to this action and to the extent not so marked it is not subject to the terms of this Order. "Confidential documents and information" shall not include corporate records or business records which:

(a) have been disseminated to third parties unrelated to the parties without a written agreement that such information is confidential;

(b) can be legally obtained from sources other than from the parties directly; or

(c) corporate or business records that the respective party legally had copies of prior to the entry of this Stipulated Protective Order, which copies were not already the subject of a confidentiality agreement.

4. As used herein, the term "document" encompasses any and all writings of any kind, including without limitation, letters, memoranda, notes, transcripts, computer tapes, discs, printouts, cartridges, recordings, keypunch cards, and all similar materials, whether electronically, mechanically, or manually readable. The term "document" is to be given a broad definition and interpretation.

5. Either party may object to the designation of particular material as Confidential by giving written notice to the other. Such written notice shall identify that material to which the

objection is directed and the basis for the objection. If the parties are unable to resolve their differences within ten (10) days of the time the notice is received, the objecting party may file an appropriate motion requesting that the Court order that the disputed material shall not be subject to the protection of this Order. The designating party shall have the burden of establishing the confidential nature of the material. The disputed material shall remain subject to all terms of this Stipulated Protective Order until the parties agree or the Court rules otherwise.

6. The parties will, in a manner that will not interfere with the legibility of such documents, place or affix to each page of each document produced pursuant to this Stipulated Protective Order an imprint or legend, "Confidential – Subject to Protective Order."

7. All documents produced pursuant to this Stipulated Protective Order, and the content and substance thereof, may in no way be shown, divulged or otherwise communicated to any person or entity, other than respective legal counsel and necessary staff employees thereof. Notwithstanding the above, the parties may disclose "Confidential – Subject to Protective Order" documents to the following, provided that any person or entity to whom the documents are disclosed has reviewed and signed a copy of this Stipulated Protective Order evidencing awareness of the obligations regarding the protection of the designated documents:

    a)    witnesses and potential witnesses (including principals and employees of Plaintiff);

    b)    consultants and potential consultants.

With regard to the above, each person or entity who is given access to the designated documents must receive and sign a copy of this Stipulated Protective Order. No person shall be provided any documents designated "Confidential – Subject to Protective Order" unless and until they are shown and sign a copy of this Stipulated Protective Order.

8. Upon disclosure of Defendants' discovery responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents, Plaintiff will notify Defendants'

3

Counsel in writing prior to showing any documents protected under this Order to Defendants' customers or former customers in order to permit the Defendants Counsel to seek court intervention if necessary. If Defendants elect to seek court intervention, they must do so within seven (7) business days of receiving the written notice.

9. Counsel for the parties shall maintain a complete list of all persons or entities who receive or who are shown documents produced pursuant to this Stipulated Protective Order by said counsel and, if requested, shall provide this list to the other parties' counsel at the conclusion of this litigation together with the signed Stipulated Protective Orders.

10. If any document or other material or information produced pursuant to this Stipulated Protective Order is attached to a pleading or a deposition transcript filed with the court, the Confidential documents and information, and any portion of the transcript that discusses the confidential documents and information which would reveal confidential information, shall be filed under seal, subject to any contrary position taken by the court, and the pleading and deposition shall be subject to the provisions of this Stipulated Protective Order.

11. At the conclusion of this litigation, whether by dismissal, settlement, trial, order of this Court, or otherwise, all confidential documents produced pursuant to this Stipulated Protective Order shall be returned to counsel for the party producing such documents.

12. This Court retains the authority to make additional orders regarding the documents subject to this Stipulated Protective Order and to enforce the provisions of this Stipulated Protective Order. This Court shall retain jurisdiction following the termination of this action for enforcement of the provisions of this Stipulated Protective Order and any orders entered pursuant to this Stipulated Protective Order.

13. Nothing in this Stipulated Protective Order shall be deemed to preclude the use of protected documents in deposition consistent with the terms of the Stipulated Protective Order (with the exception of the terms set forth in Paragraph 8), or admission into evidence of this case the documents subject to this Stipulated Protective Order, and the parties herein have

reserved all rights to seek admission into evidence of such information, or to object to the admissibility of such materials, subject to the terms of this Stipulated Protective Order.

14. The documents designated as confidential under the terms of this Stipulated Protective Order will be protected as such upon the day of the signing this Stipulated Protective Order by the parties.

IT IS SO ORDERED.

Dated: November 17, 2008  **s/George Caram Steeh**
HON. GEORGE CARAM STEEH
United States District Judge


STIPULATED TO:

| /s/ Bruce O. Baumgartner | /s/ Larry K. Griffis |
|---|---|
| Bruce O. Baumgartner | Larry K. Griffis |
| Robin E. Harvey (admission pending) | Jonathan C. Myers |
| Angela M. Hayden (admission pending) | Jaffe, Raitt, Heuer & Weiss PC |
| Baker & Hostetler LLP | 27777 Franklin Road, Suite 2500 |
| 312 Walnut Street, Suite 3200 | Southfield, Michigan 48034-8214 |
| Cincinnati, Ohio 45202-4074 | |
| (513) 929-3400 | Attorneys for the Plaintiff |

and

James J. Hayes, Jr.
Garan Lucow Miller, P.C.
1000 Woodbridge Street
Detroit, MI 48207-3192
(313) 446.5505
E-Mail: jhayes@garanlucow.com
P24875

Attorneys for the Defendants

I, _____, have read the foregoing Protective Order and agree to abide by its terms in maintaining in strict confidence as provided herein all information designated confidential provided to me for my review or other work in connection with the above captioned law suit on this _____ day of _____, 200\_\_.

_____
Signature

502053822.8

6