# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| STATION ENTERPRISES, INC. d/b/a TREE TOWN TOYS AND BRAIN STATION,<br>   Plaintiff, | CIVIL ACTION NO.  07-CV-14294<br><br>DISTRICT JUDGE GEORGE CARAM STEEH |
| VS. | MAGISTRATE JUDGE MONA K. MAJZOUB |
| GANZ, INC., et al.<br><br>   Defendant.<br>_____/ | |

## OPINION AND ORDER REGARDING MISCELLANEOUS MOTIONS (DOCKET NOS. 26, 27, 40, 41)

These matters come before the Court on four motions.  The first is Defendants' Renewed Motion to Compel Plaintiff's Answers to Defendants' Discovery Requests filed on September 29, 2008.  (Docket no. 26).  Plaintiff filed a Response In Opposition on October 15, 2008.  (Docket no. 28).  Defendants filed a Reply on October 22, 2008[1].  (Docket no. 30).  The second motion is Plaintiff's Motion To Compel Defendants' Answers To Plaintiff's Discovery Requests filed on October 9, 2008.  (Docket no. 27).  Defendants filed a Response In Opposition on October 23, 2008.  (Docket no. 34).  Plaintiff filed a Reply on October 29, 2008[2].  (Docket no. 36).  The parties filed a Joint Statement Of Resolved And Unresolved Issues Relative To Defendants' Renewed Motion To Compel And Plaintiff's Motion To Compel on November 5, 2008.  (Docket no. 39).  The third

---

[1] Defendants' Notice Of Filing Supplemental Exhibit In Support Of Defendants' Renewed Motion To Compel filed on October 23, 2008, was stricken.  (Docket nos. 32, 38).

[2] Plaintiff's Reply contained a Sur Reply In Opposition To Defendants' Renewed Motion To Compel.  (Docket no. 36).  This portion of Plaintiff's Reply was stricken.  (Docket no. 38).

and final motions are Defendants' Motion For Protective Order filed on November 6, 2008 (docket no. 40) and Defendants' Motion For Expedited Hearing On Their Motion For Protective Order filed on November 7, 2008.  (Docket no. 41).  Plaintiff filed a Response In Opposition To "Defendants' Motion For Protective Order" on November 11, 2008.  (Docket no. 42).  Defendants filed a Reply To Plaintiff's Response In Opposition To Defendants' Motion For Protective Order on November 12, 2008.  (Docket no. 43).  All pretrial proceedings were referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 14).  The parties' counsel appeared for hearing on these matters on November 12, 2008.  These matters are now ready for ruling.

**I.      Defendants' Motion To Compel (Docket No. 26)**

Defendants served their First Sets of Interrogatories and Requests for Production of Documents on Plaintiff on May 27, 2008.  (Docket no. 13-3, 26).  Plaintiff's answers were due by June 26, 2008.  Fed. R. Civ. P. 33, 34.  Plaintiff failed to respond completely and timely and Defendant filed a Motion to Compel on July 22, 2008.  The Court heard oral argument on the matter on September 22, 2008 and issued an Opinion and Order (docket no. 23) ordering Plaintiff to answer Interrogatory Nos. 8, 13 and 14 including all subparts, separately and fully.  On September 26, 2008 Plaintiff provided its Second Supplemental Response to Defendants' First Set of Interrogatories and Requests for Production of Documents pursuant to the Court's order.  (Docket no. 26-5).  Defendant argues that the responses do not comply with the Court's order.  (Docket no. 26).  The parties represent in the Joint Statement that they have resolved most of the issues and that all document production will be complete by their proposed extended discovery deadline, January 31, 2009 and Plaintiff will supplement its production if new documents come to light during discovery.  (Docket

2

no. 39). Rule 26(e)(1), Fed. R. Civ. P., requires the parties to supplement their disclosures and responses to interrogatories, requests for production and requests for admission.

The remaining issue is that Plaintiff provided a computer disk containing electronically stored information which supports Plaintiff's damages claims. Defendants have not been able to view the information on the disk. At the hearing the parties agreed and the Court ordered that Plaintiff and its counsel will host Defendants' counsel, and any necessary information technology staff personnel, at Plaintiff's facility in Ann Arbor on a mutually convenient date within seven (7) days of entry of this order for the purpose of demonstrating and explaining to Defendants' counsel how to access the electronic information provided by Plaintiff so that Defendants' counsel may identify documents for Plaintiff to convert and/or print at Defendants' cost. The meeting will convene in the morning so that the entire day is available for this purpose. The Court will deny Defendants' request for attorneys' fees and costs.

## II.     Plaintiff's Motion To Compel (Docket No. 27)

Plaintiff seeks to compel answers and responses to its discovery requests served on August 15, 2008. (Docket no. 27-3). Plaintiff provided the Court with a copy of an email by which it forwarded the discovery requests to Defendant's counsel, but did not include a copy of its discovery requests with this motion as required under E.D. Mich. LR 37.2 ("Any discovery motion . . . shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.").

First, Defendant argues that Plaintiff misrepresents that it attempted to obtain concurrence in its Motion to Compel as required by Local Rule 7.1. E.D. Mich. LR 7.1. Defendant argues that

it told Plaintiff's counsel that it would produce the discovery once the terms of its proposed protective order were agreed to. In its Motion, Plaintiff states that it "made attempts to obtain answers to the outstanding Discovery Requests and obtain concurrence with the relief sought in this motion and concurrence was denied." (Docket no. 27 ¶ 5). Plaintiff is not required to agree to a protective order to obtain answers and responses to its discovery requests.

Second, Defendants argue that Plaintiff served its discovery requests six months later than its counsel represented to Defendants that they would be served. Plaintiff served the discovery requests well before the October 30, 2008 close of discovery, with enough time for Defendants to answer before the close of discovery. (Docket no. 10). Third, Defendants argue that Plaintiff's discovery requests exceed the scope of its claims, by both time and geography. As set forth above, neither party provided the requests at issue and Defendants have failed to serve written objections or responses to the discovery. Therefore the Court will not entertain Defendants' general and broad objection.

Finally, Defendants argue that the proprietary nature of the discovery sought requires a protective order. (Docket no. 34). Defendants state in the Joint Statement that they "will not respond to discovery without a protective order." (Docket no. 39). Defendants argue that on October 3, 2008 (Defendants' discovery responses were due on September 17, 2008) Defendants forwarded a proposed protective order to Plaintiff. (Docket no. 34-3). Defendants filed no motion for a protective order until November 6, 2008 (after Defendants' discovery responses were overdue by more than seven weeks) and have never served responses or objections to Plaintiff's requests. Rule 26(c)(1), Fed. R. Civ. P., provides that a party may move for a protective order in the court where the action is pending. Defendants' counsel confirmed at the November 12, 2008 hearing that

Defendants' position is that each and every one of their responses and answers should be subject to a protective order. Because the Court was not provided with a copy of the discovery requests it cannot determine if the requests seek documents of a proprietary or otherwise confidential nature.

As set forth below, the parties agreed to a stipulated protective order which was filed on November 14, 2008. The Court will order Defendants to provide written answers, responses and responsive documents to Plaintiff's discovery requests on or before January 16, 2009[3]. The Court will deny Plaintiff's request for attorneys' fees and costs.

### III.   Defendants' Motion For Protective Order (Docket No. 40) and Defendants' Motion For Expedited Hearing On Their Motion For Protective Order (Docket No. 41)

The Court will grant Defendants' Motion For Expedited Hearing On Their Motion For Protective Order (docket no. 41) because the issues raised therein are closely related to the issues raised in Plaintiff's Motion To Compel (docket no. 27) and the parties have fully briefed the issues. (Docket nos. 27, 40, 42, 43). The parties argued this motion at the November 12, 2008 hearing. The parties were able to reach agreement on a stipulated protective order and filed the stipulated protective order on November 14, 2008. The Court entered the parties' stipulated protective order. (Docket no. 47). Therefore, the Court will deny Defendants' Motion For Protective Order as moot. (Docket no. 40).

**IT IS THEREFORE ORDERED** that Defendants' Renewed Motion to Compel Plaintiff's Answers to Defendants' Discovery Requests (docket no. 26) is **GRANTED** in part and Plaintiff and

---

[3] In the Joint Statement Defendant states that it wishes to reconvene the depositions of Plaintiff's principals, Hans Masing and Patricia Masing should any new documents arise that need to be addressed. The parties' counsel stated that Hans Masing was deposed for between five and six hours. Patricia Masing was deposed for two to three hours. This issue is not the subject of the current motions before the Court.

5

its counsel will host Defendants' counsel, including any necessary information technology staff people, at Plaintiff's facility in Ann Arbor on a mutually convenient date within seven (7) days of entry of this order for the purpose of showing Defendants' counsel how to access the electronic information provided by Plaintiff and so that Defendants' counsel may identify documents which it will be necessary for Plaintiff to convert and/or print at Defendants' cost. The meeting will convene in the morning so that the entire day is available for this purpose. The remainder of Defendants' Renewed Motion to Compel (docket no. 26) is **DENIED** as moot. Defendants' request for attorneys' fees and costs is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion To Compel Defendants' Answers To Plaintiff's Discovery Requests (docket no. 27) is **GRANTED** in part and Defendants will provide full written answers, responses and responsive documents on or before January 16, 2009. The remainder of Plaintiff's Motion to Compel is **DENIED** to the extent it requests attorneys' fees and costs.

**IT IS FURTHER ORDERED** that Defendants' Motion For Expedited Hearing On Their Motion For Protective Order (docket no. 41) is **GRANTED** and Defendants' Motion For Protective Order (docket no. 40) is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 8, 2009          Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: January 8, 2009          s/ Lisa C. Bartlett
                                Courtroom Deputy